IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LORI T. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAM SHIPMAN, Chief Executive Officer | ) |
| of Cardinal Innovations Healthcare | ) |
| Solutions, STEVEN TIMMONS, | )    1:13CV858 |
| Chief Administrative Officer, | ) |
| VALERIE HENNIKER, Director of Five | ) |
| County Community Operations Center, and | ) |
| MARNI CAHILL, Regional Director of | ) |
| Mental Health/Substance Abuse Care | ) |
| Coordination at Five County Community | ) |
| Operations Center, | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

On September 27, 2013, Plaintiff Lori T. Adams ("Plaintiff"), *pro se*, filed her original

Complaint ("Original Complaint") [Doc. #1], which alleges violations of the Family and Medical

Leave Act, 29 U.S.C. §§ 2611 et seq. (the "FMLA"), the Americans with Disability Act, 42 U.S.C.

§§ 12111 et seq. (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 as amended.   On

October 9, 2013, Plaintiff filed an Amended Complaint [Doc. #5], which alleges violations under

the FMLA.  This matter is before the Court on a Motion to Dismiss [Doc. #11] filed by

Defendants Pam Shipman, Steven Timmons, Valerie Hennike,[1] and Marni Cahill (collectively

---

[1]Plaintiff has alternatively referred to Valerie Hennike's surname as "Hennike" or
"Henniker." However Defendants assert that the proper spelling of the name in "Hennike" and,

"Defendants"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendants further request that the Court dismiss Plaintiff's Amended Complaint [Doc. #5] as to Defendants Hennike and Cahill pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and insufficient service of process. Defendants' Motion to Dismiss is fully briefed and is now before the Court for review.[2] For the reasons discussed herein, the Court will grant Defendants' Motion to Dismiss [Doc. #11].

I.      FACTUAL AND PROCEDURAL BACKGROUND

Based on the allegations in Plaintiff's Amended Complaint, it appears that Plaintiff was employed by Cardinal Innovations Healthcare Solutions ("Cardinal Innovations") and/or Five County Community Operations Center ("Five County")[3] from December 2008 until on or about August 15, 2012. (Am. Compl. [Doc. #5], at 4.) Plaintiff asserts on August 15, 2012, she was out of work on approved leave under the FMLA, which was approved by Cardinal Innovations through its subcontractor, FMLA Source. (Id.) Plaintiff alleges that her leave was granted

thus, the Court will use the "Hennike" designation.

[2]The Court notes, that it also held a hearing on Defendants' Motion to Dismiss on August 12, 2014, wherein the parties presented further argument in support of their respective positions.

[3]Plaintiff alleges that Cardinal Innovations "assumed all rights and responsibilities of Five County Mental Health Authority," which included the ability to control "sick, vacation and seniority time for exiting employees." (Am. Compl. [Doc. #5], at 5.) Plaintiff alleges that Cardinal Innovations assumed such rights and responsibilities in January 2012, which was before the timing of the events that are set forth in the Amended Complaint.

2

because she "met all FMLA criteria relative to length of employment and medical need." (Id.) Plaintiff also asserts that she was "in good standing relative to her work performance" and that she "had no unfavorable performance evaluations." (Id.) Plaintiff further alleges that she was on FMLA leave when she was terminated from her employment on August 15, 2012. (Id.) Plaintiff asserts that Defendant Shipman, Chief Executive Officer of Cardinal Innovations, and Defendant Timmons, Chief Administrative Officer of Cardinal Innovations, provided "inadequate supervision" to a subordinate, Defendant Hennike, the Executive Director of Five County. (Id. at 3.) As to Defendant Hennike, Plaintiff alleges that Defendant Hennike "signed the letters of termination mailed to plaintiff and inadvertently approved the explicit actions of [Defendant] Cahill." (Id.) Plaintiff also generally alleges that Defendant Hennike failed to appropriately supervise Defendant Cahill and specifically alleges that Defendant Cahill ignored information from Plaintiff, information that addressed "requests for modifications in employment." (Id. at 3, 5.) As to Defendant Cahill, Plaintiff alleges that Defendant Cahill directly participated in "violation of FMLA at Five County." (Id.) Furthermore, Plaintiff asserts that after Defendants sent her a letter that denoted her original termination date, Defendants sent a second letter to Plaintiff with a different termination date, in an effort to "to ensure they were within the FMLA law and to escape having to pay . . . [P]laintiff['s] unemployment benefits." (Id. at 5.) Plaintiff asserts that this second letter was mailed to Plaintiff after she applied for unemployment benefits. Thus, based on the allegations stated above, it appears that Plaintiff has alleged violations under the FMLA and the ADA. In her request for relief, Plaintiff seeks one year's salary in the approximate sum of fifty four thousand dollars ($54,000.00).

Defendants filed a Motion to Dismiss [Doc. #11] Plaintiff's Amended Complaint based on several arguments. First, Defendants argue that insomuch as Plaintiff is attempting to assert that the named defendants are subject to individual liability under the ADA, such claims must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to name the individual Defendants in her charge filed with the EEOC. Further, concerning Plaintiff's ADA claims, Defendants argue that even if subject matter jurisdiction existed as to the individual defendants, there is no personal liability for the alleged violations of the ADA and even so, Plaintiff has failed to plead sufficient facts to state a claim under the ADA. As to Plaintiff's FMLA claims, Defendants argue that there is no individual liability under the FMLA and, furthermore, Plaintiff fails to state a claim for relief under the FMLA. Lastly, as to Defendants Hennike and Cahill, Defendants argue that any claims against these particular Defendants should be dismissed for insufficiency of service of process and for a lack of personal jurisdiction.

## II. DISCUSSION

Defendants have moved to dismiss Plaintiff's Amended Complaint based on a lack of subject matter jurisdiction, a lack of personal jurisdiction combined with insufficient service of process, and for the failure to state a claim as to both Plaintiff's claims under the ADA and under the FMLA. Accordingly, the Court will address each basis for dismissal in turn. The Court must, however, address any jurisdictional issues prior to addressing the motion to dismiss for the failure to state a claim. Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006) ("[D]ismissal of a case on an issue relating to the merits of the dispute,

such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction.")

A.    Lack of Personal Jurisdiction and Insufficient Service of Process

Defendants assert that Plaintiff has failed to properly serve Defendants Hennike and Cahill with a Summons or Amended Complaint in this case and, thus, argue that the claims asserted against Defendants Hennike and Cahill should be dismissed for insufficient service of process and lack of personal jurisdiction.  Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process.  The Court can "exercise [personal] jurisdiction over . . . Defendant[s] only if there is valid service of process upon . . . Defendant[s]."  Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07CV175, 2008 WL 942560 (M.D.N.C. Apr. 7, 2008) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., 733 F.2d 1087, 1089 (4th Cir. 1984)).  " 'In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made.' "  United States v. Sea Bay Dev. Corp., CIV.A.2:06CV624, 2007 WL 1378544 (E.D. Va. May 8, 2007) (quoting Reed v. Weeks Marine, Inc., 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of a summons and complaint must be made within 120 days of the filing of the complaint.  If service is not effectuated within the 120-day time period, the district court "shall dismiss the actions without prejudice against that defendant or order that service be effected within a specific time."  Fed. R. Civ. P. 4(m).

In this case, Plaintiff has conceded that service of process was not completed as to

Defendants Hennike and Cahill.[4] (See Pl.'s Resp. [Doc. #16], at 8.) Plaintiff, in her Response,

has stated that she attempted to serve Defendants Hennike and Cahill but asserts that they

"evaded the summons with one saying they were out of town and the other instructed the

sheriff's office to serve their [sic] corporate office." (Id.) Indeed, Plaintiff has provided Proof

of Service letters[5] (see id. at 28-29) showing that she attempted to serve Defendants Hennike

and Cahill. Plaintiff has requested an extension of time to serve Defendants Hennike and Cahill

in her Response, if the Court determines that her claims against Defendants Hennike and Cahill

should be dismissed because of insufficient service of process.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court may "extend

the time for service for an appropriate period" if Plaintiff demonstrates good cause for failing

to serve Defendants Hennike and Cahill with process. "[T]he Court may find good cause 'where

the plaintiff has taken the affirmative action to effectuate service of process upon the defendant

or has been prohibited, through no fault of his own, from taking such an affirmative action.'"

Tennenbaum . PNC Bank Nat'l Ass'n, No. DKC-10-2215, 2011 WL 2038550, at *4 (D. Md.

May 24, 2011) (quoting Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W.

---

[4]The Court notes that Plaintiff's Original Complaint was filed on September 27, 2013 and her Amended Complaint was filed on October 9, 2013. As of the date of this Memorandum Opinion and Order, it does not appear that Plaintiff has served Defendants Hennike and Cahill and as such, Plaintiff has failed to served Defendants Hennike and Cahill within the 120-day period provided under Rule 4 of the Federal Rules of Civil Procedure.

[5]The Court may consider materials outside of the pleadings in assessing the sufficiency of service of process. See Davis v. Matroo, 5:13CV233-BO, 2013 WL 5309662 (E.D.N.C. Sept. 19, 2013) ("Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate.")

Va. 1992)).  In this case, the Court finds that in light of Plaintiff's contentions and the Proof of Service letters provided by Plaintiff, that Plaintiff has shown good cause for failing to complete service of process upon Defendants Hennike and Cahill.  However, granting an extension of time to effectuate service would be futile, because as is explained more fully below, the Court finds that Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6).  Accordingly, the Court need not grant any such extension, and Defendants' Motion to Dismiss pursuant to Rule 12(b)2) and 12(b)(5) is granted.

> B.      Exhaustion of Administrative Remedies and Subject Matter Jurisdiction

Defendants assert that Plaintiff's ADA claim should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to name the Defendants, in their individual capacity, in her EEOC Charge, which Defendants have attached to their brief supporting their Motion to Dismiss.  (See EEOC Charge [Doc. #12-1].)[6]  Specifically, Defendants assert that Plaintiff only named "Cardinal Innovations Healthcare Solutions/Five County" as the respondent in her EEOC Charge.  (Id.)

Defendants correctly assert that Defendants must have been named in the EEOC Charge for the Court to exercise jurisdiction over Plaintiff's ADA claim against Defendants in their

---

[6]The Court may consider the EEOC Charge to determine whether the Court has subject matter jurisdiction over Plaintiff's ADA claim against Defendants.  This is because the Court may consider evidence outside of the pleadings to determine whether it has jurisdiction without converting the instant motion to dismiss proceeding into a proceeding for summary judgment.  See Evans, 166 F.3d at 647.  Furthermore, the EEOC Charge is a public record that is subject to judicial notice.  Reed v. Md. Dep't of Human Res., No. ELC-12-0472, 2013 WL 489985, at *4-5 (D. Md. Feb. 7, 2013) (finding that the court may consider the EEOC charge attached to the defendant's motion to dismiss because, inter alia, the EEOC charge was subject to judicial notice because it was a public record).

individual capacities.  <u>Tuttle v. Anuvia Prevention & Discovery</u>, No. 3:13CV134, 2013 WL 3899666, at *3 (W.D.N.C. July 29, 2013) (dismissing the plaintiff's Title VII and ADA claims for lack of subject matter jurisdiction because individual defendants were not named in the EEOC Charge and reasoning that even though the individual defendants "may have had knowledge of [the p]laintiff's EEOC Charge against the company" it did not necessarily put the individual defendants on notice that they would "be personally liable for the alleged violations."); <u>Monroe v. BellSouth Telecomms., Inc.</u>, No. Civ. 102CV00591, 2003 WL 22037720, at *3 (M.D.N.C. Aug. 15, 2003) (dismissing ADA claim, as well as the plaintiff's claims under Title VII and the Age Discrimination in Employment Act ("ADEA"), against individual defendants when the individual defendants were not named in the EEOC Charge); <u>Stafford v. Radford Cmty. Hosp., Inc.</u>, 908 F. Supp. 1369, 1372-73 (W.D. Va. 1995) (dismissing ADA and ADEA claims against the defendants that where not named in the EEOC Charge); <u>see</u> <u>Causey v. Balong</u>, 162 F.3d 795, 800 (4th Cir. 1994) (affirming dismissal of ADEA and Title VII claims against individual defendants that were not named in the EEOC Charge).

In response to Defendants' argument, Plaintiff asserts that she is *pro se* and, thus, the Court should allow her ADA claim to proceed against Defendants in their individual capacities. However, the Court notes that case law within the Fourth Circuit is contrary to Plaintiff's position.  <u>Tuttle</u>, 2013 WL 3899666, at *3 (dismissing *pro se* plaintiff's Title VII and ADA claims for failure to name individual defendants in EEOC Charge); <u>Miller v. Ingles</u>, No. 1:09CV200, 2009 WL 4325218, at *9-10 (W.D.N.C. Nov. 24, 2009) (dismissing *pro se* plaintiff's ADA and ADEA claims against individual defendant when EEOC Charge only mentioned the individual

defendant in the "Particulars" of the charge but the individual defendant was not named as a respondent in the charge). Furthermore, even if the naming requirement did not bar Plaintiff's ADA claim against Defendants in their individual capacities, "[t]he Fourth Circuit has held that individual defendants do not face personal liability under the ADA." Monroe v. BellSouth Telecomms., Inc., No. Civ. 102CV00591, 2003 WL 22037720, at *3 (citing Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999)). Thus, the Court will dismiss the ADA claims against Defendants in their individual capacity.[7]

C.      Motion to Dismiss for Failure to State a Claim

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Fourth Circuit has directed that courts " 'take the facts in the light most favorable to the plaintiff,' but '[they] need not accept the legal conclusions drawn from the facts,' and '[they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.' "

_____

[7]Plaintiff does not respond to Defendants' argument that her claim under the Rehabilitation Act is subject to dismissal against Defendants in their individual capacity. As such, the Court finds that Plaintiff has abandoned this claim and will dismiss it pursuant to Local Rule 7.3(k). See, e.g., Hold v. United States, No. 1:09CV122, 2010 WL 1286671, at *2 (M.D.N.C. Mar 29, 2010) (Dixon, Mag. J.) ("Under Local Rule 7.3(k), a motion that is uncontested may be granted without further notice."), adopted, No. 1:09CV122 [Doc. #15] (M.D.N.C. August 23, 2010); Wainwright v. Carolina Motor Club, Inc., No. 1:03CV1185, 2005 WL 1168463, at *13 (M.D.N.C. Apr. 27, 2005) (Sharp, Mag. J.) ("Plaintiff's failure to argue [a] claim is tantamount to abandonment of the claim."); see also, Brand v. N.C. Dep't of Crime Control and Pub. Safety, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) ("In Plaintiff's brief in response to Defendants' motion for summary judgment, Plaintiff does not address . . . his hostile work environment claim. By failing to respond, Plaintiff concedes that he has not stated a hostile work environment claim."). In addressing Plaintiff's purported individual capacity claim under the Rehabilitation Act, however, Defendants have not contested whether Plaintiff has properly stated any official capacity claim under the Rehabilitation Act. Any such claim will be addressed in association with Plaintiff's ADA claims.

9

Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955) (citations omitted). Thus, dismissal of a complaint is proper where a plaintiff's factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.' " Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683, 129 S. Ct. 1937).

Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations omitted)). However, the Court "may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading

standards." <u>Hongan Lai v. Dep't of Justice</u>, No. 5:13cv00033, 2013 WL 3923506, at *3 (W.D. Va. July 29, 2013) (citing <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1277 (4th Cir. 1985); <u>Switzer v. Town of Stanley</u>, No. 5:10cv00128, 2010 WL 4961912, at *2-3 (W.D. Va. December 1, 2010); <u>Holsey v. Collins</u>, 90 F.R.D. 122, 128 (D. Md. 1981)).

Defendants argue that notwithstanding the jurisdictional issues involved with Plaintiff's Amended Complaint, Plaintiff has also generally failed to state a claim pursuant to either the ADA or the FMLA. Accordingly, the Court will address each in turn.

1. ADA Claims[8]

Defendants assert that even if Defendants were subject to liability under the ADA, Plaintiff's ADA claim cannot succeed because Plaintiff fails to state a cognizable ADA claim sufficient to withstand a motion to dismiss. Initially, the Court notes that it is not clear whether Plaintiff intended to assert claims against the individual defendants in their official capacity or against Cardinal Innovations/Five County. Further, the Court notes that Plaintiff's Amended Complaint does not include any assertions that Defendants violated the ADA, nor does the Amended Complaint even mention the ADA. Once an amended pleading is filed, "the original pleading no longer performs any function in the case." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476, 636-37 (3d ed. 2010). Although "an amended pleading may

---

[8]To the extent Plaintiff's Amended Complaint attempts to assert any claims pursuant to the Rehabilitiation Act, 29 U.S.C. § 794, the Court notes that any such claims fail for the reasons set forth as to Plaintiff's ADA claims. <u>See</u> <u>Baird</u>, 192 F.3d at 468 (noting that a single statement of the elements of both claims is proper due to the language of the two statutes being substantially the same (citing <u>Doe v. University of Maryland Medical System Corp.</u>, 50 F.3d 1261, 1264 n. 9 (4th Cir. 1995)).

adopt some or all of the averments of the original pleading," id. at 640, Plaintiff has failed to even reference her Original Complaint in her Amended Complaint, which does make allegations regarding the ADA. Defendants, however address Plaintiff's ADA claim extensively in their Motion to Dismiss. Further, based on Plaintiff's arguments during the hearing concerning the Motion to Dismiss, it appears that Plaintiff is attempting to assert an ADA claim against Defendants. Accordingly, the Court will analyze any such claim, to the extent Plaintiff has attempted to assert a claim under the ADA.

The ADA, 42 U.S.C. § 12101, et seq., prohibits covered entities, including private employers, from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the ADA, if Plaintiff is asserting a claim for either wrongful discharge or failure to accommodate "both require a showing that she was 'disabled' within the meaning of the ADA." Rhoads v. Fed. Deposit Ins. Corp., 257 F.3d 373, 387 (4th Cir. 2001). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

In Plaintiff's Original Complaint [Doc. #1], Plaintiff alleges, regarding her asserted disability, that she "met all FMLA criteria relative to . . . medical need." (Original Compl., at 2.) Plaintiff also alleges that Cardinal Innovations terminated her employment "due to [Plaintiff's] expressed but otherwise non-obvious disability." (Id., at 4.) Plaintiff also alleges that Cardinal

12

Innovations terminated her employment "due to [Plaintiff's] expressed but otherwise non-obvious disability." (Id., at 4.) First, the Court notes that, to the extent Plaintiff alleges that her disability qualified as a FMLA illness, the "ADA's 'disability' and the FMLA's "serious health condition" are "distinct concepts that require different analyses." Rhoads, 257 F.3d at 387 (quoting 29 C.F.R. § 825.702(b)). As such, Plaintiff's allegation that her disability was sufficient for her to obtain leave under the FMLA, without more, is insufficient to allege a disability under the ADA. Furthermore, Plaintiff fails to allege any facts regarding the specific nature of her disability or facts regarding how, if at all, such a disability qualifies as an impairment that substantially limits a major life activity for Plaintiff. See 42 U.S.C. § 12102(1) (stating that one definition of disability is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual").

Additionally, in the alternative to proceeding under either of the first two definitions of "disability" under 42 U.S.C. § 12102(1), a plaintiff could allege that her employer "regarded" her as having an impairment that substantially limits a major life activity and discriminated against her on that basis. For claims relying on the "regarded as" definition of "disability," the employer "must entertain a misperception: it must believe . . . that [an individual] has a substantially limiting impairment when, in fact, the impairment is not so limiting." Stukes v. Locke, No. RWT 12cv681, 2012 WL 5829066, at *3 (D. Md. Nov. 15, 2012) (internal quotations and citations omitted) (alterations in original)). However, as previously noted, Plaintiff only alleges that Cardinal Innovations knew of her "non-obvious disability" but does not allege that Cardinal Innovations regarded her as having a "substantially limiting impairment." Therefore, Plaintiff

has failed to sufficiently allege facts to show that she had a "disability" under the ADA.

The Court recognizes that Plaintiff alleges additional facts in, and attaches documents to, her Response [Doc. #16] to Defendants' Motion to Dismiss that address her medical condition. Defendants correctly assert in their Reply [Doc. #17], however, that the Court may not consider Plaintiff's new allegations raised in her Response, or the attachments to her Response on a Rule 12(b)(6) motion to dismiss without converting the proceeding to one for summary judgment. Bailey v. Va. High School League, Inc., 488 F. App'x 714, 715-16 (4th Cir. 2012) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint and any documents attached or incorporated by reference[; h]owever, the district cannot go beyond these documents on a Rule 12(b)(6) motion without converting the motion into one for summary judgment." (citations omitted)); see Bala v. Commonwealth of Va. Dep't of Conservation & Recreation, 532 F. App'x 332, 334 (4th Cir. 2013) ("The district court may go beyond the complaint and attached documents, which constitute 'the pleadings,' in a Rule 12(b)(6) proceeding if the court converts the proceeding to one for summary judgment." (citing Fed. R. Civ. P. 12(d))). As such, the Court will not consider any new allegations that Plaintiff purports to raise in her Response.

a.    Wrongful Discharge

Even assuming that Plaintiff could establish that she has a disability, however, the Court finds that, based on Plaintiff's Amended Complaint and clarification provided during the hearing concerning Defendants' Motion to Dismiss, Plaintiff still cannot not state a claim under the

ADA for either wrongful discharge or failure to accommodate.[9]  First, as to any claim of wrongful discharge under the ADA, Plaintiff must show that (1) she is within the ADA's protected class—that is, that she was disabled within the meaning of the Act; (2) she was discharged; (3) at the time of his discharge, she was performing the job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.  Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001).  After reviewing Plaintiff's Amended Complaint and hearing her arguments at the hearing, the Court finds that Plaintiff has not alleged and cannot allege any facts that would raise a reasonable inference that her discharge was the result of unlawful discrimination. The only statements in Plaintiff's Amended Complaint concerning her disability are allegations that Ms. Hennike and Ms. Cahill ignored their responsibility of ensuring that employees were granted appropriate treatment in spite of their disability or ensuring their actions were "legally accommodating." (Am. Compl. [Doc. #5], at 3.)  There is no allegation, however, that Plaintiff's discharge was the result of any discrimination based on her disability.  Further, when asked about whether any allegation existed that she was discharged based on her disability at the hearing on the Motion to Dismiss, Plaintiff only provided a conclusory statement that there was no other reason for her discharge.  Such allegations are not sufficient to state a claim for wrongful discharge that is plausible on its face.

---

[9]It is not clear from the Amended Complaint, but at the hearing concerning Defendants' Motion to Dismiss, it appears that Plaintiff is only attempting to make an argument based on Defendants' alleged failure to accommodate.  In order to be thorough, however, the Court will nonetheless discuss claims for wrongful discharge and failure to accommodate under the ADA.

b.      Failure to Accommodate

In order to establish a prima facie case of a failure to accommodate under the ADA, Plaintiff must show: (1) that he was an individual who had a disability within the meaning of the Act; (2) that the employer had notice of his disability; (3) that with reasonable accommodation she could perform the essential functions of the position; and (4) that the employer refused to make such accommodations.  Rhoads, 257 F.3d at 387 n. 11.  Even assuming Plaintiff could establish the first two elements, Plaintiff's Amended Complaint does not state sufficient facts to establish a failure to accommodate claim against Defendants.  As stated above, Plaintiff alleges that Ms. Hennike and Ms. Cahill ignored their responsibility of ensuring that employees were granted appropriate treatment in spite of their disability or ensuring their actions were "legally accommodating."  (Am. Compl. [Doc. #5], at 3.)  These statements alone, however, do not amount to a statement that Defendants refused to provide an accommodation to Plaintiff.  Furthermore, Plaintiff makes no allegation that with any reasonable accommodation she could perform the essential functions of her job.  At the hearing on Defendants' Motion to Dismiss, Plaintiff asserts that she should have been given the opportunity during her 12-week FMLA leave to create a plan to go back to work or ask for some type of modification to her work schedule.  Even assuming that by allowing Plaintiff to amend her complaint to add such modification as her reasonable accommodation, there is no evidence that Defendants ever refused to make such accommodation.  In fact, it is clear from Plaintiff's assertions at the hearing that she never requested such accommodation.  Accordingly, the Court finds that for these reasons, Plaintiff has not and cannot state a claim based on a failure to accommodate

under the ADA.

2. FMLA Claim

Defendants first argue that Plaintiff's FMLA claim against Defendants is subject to dismissal because there is no clear individual liability under the FMLA, and even so, Plaintiff has failed to plead sufficient facts to assert individual liability. Accordingly, the Court will first address individual liability under the FMLA before addressing whether Plaintiff has failed to state an interference or retaliation claim under the FMLA. If individual liability does not exist or is not sufficiently plead, it is unnecessary to address the sufficiency of any interference or retaliation claim.

a. Individual Liability Under the FMLA

Defendants correctly assert that "whether the FMLA imposes liability on employee supervisors in their individual capacities is an open question" in the Fourth Circuit. Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010). However, this debate appears to be more narrowly focused on whether such individual liability exists in the *public* sector. See Caire v. Conifer Value Based Care, LLC, 982 F. Supp. 2d 582, 597 n.11 (D. Md. 2013) (comparing Sandowski v. U.S. Postal Serv., 643 F. Supp. 2d 749, 752-57 (D. Md. 2009) with Reed, 2013 WL 489985, at *7-14). Indeed "a majority of federal courts to address the issue of *private supervisor* liability have concluded that such liability exists." Caire, 982 F. Supp. 2d at 597 n.10 (emphasis added) (citing Benton v. Belk, Inc., No. 9:12-766-RMG-BHH, 2012 WL 5381209, at *2 (D.S.C. Sept. 20, 2012) (noting the majority rule and collecting cases), report and recommendation adopted in full, 2012 WL 5381335 (D.S.C. Oct. 31, 2012); see Reed, 2013 WL 489985, at *13

("Congress specifically provided for individual liability in the private sector under § 2611(4)(A)(ii)(I).").

Defendants argue that "[e]ven if this Court were to conclude that there is individual liability under the FMLA, Plaintiff in the present case has not plead [sic] sufficient allegations to support her conclusions that the named Defendants were liable." (Defs.' Mem. [Doc. #12], at 10.) "In the private sector, a supervisor must have 'sufficient responsibility or stature within the [defendant employer] to warrant the imposition of personal liability under the FMLA'" and the "relevant inquiry is to what extent the supervisor exerted control over the plaintiff's FMLA rights." Caire, 982 F. Supp. 2d at 598 (quoting Benton, 2012 WL 5381209, at *2). In this case, Plaintiff has alleged that Defendant Hennike, Executive Director of Five County, (1) "ignored her responsibility of ensuring all employees are granted appropriate treatment in spite of disability and status in the FMLA's legal process," (2) "approved the actions of [Defendant] Cahill without employing an independent investigation into the facts of occurrences, leading to [P]laintiff's dismissal," and (3) "signed the letters of termination mailed to [P]laintiff and inadvertently approved the explicit actions of [Defendant] Cahill." (Am. Compl. [Doc. #5], at 3.) Furthermore, Plaintiff has alleged that Defendant Cahill, Regional Director of Mental Health/Substance Abuse Care Coordination at Five County, "ignored information provided to her by [P]laintiff to address requests for modifications in employment" and "directly participated in violation of FMLA at Five County." (Id. at 5.) In liberally construing the allegations of Plaintiff's *pro se* Amended Complaint, the Court finds that Plaintiff has sufficiently stated a claim to impose individual liability under the FMLA as to Defendant Hennike. Although far from a

model of clarity, Plaintiff has alleged facts to show that Defendant Hennike had supervisory control over Plaintiff's FMLA leave and that Defendant Hennike was directly involved in administering Plaintiff's termination. The Court does not find that Defendants' reference to the facts in <u>Benton</u> to alter this conclusion. In <u>Benton</u>, the plaintiff alleged that her immediate supervisor was individually liable under the FMLA. <u>Benton</u>, 2012 WL 5381209, at *3. However, in <u>Benton</u>, the court held that the plaintiff had not pled sufficient facts to show that her supervisor participated in denying her FMLA leave because the plaintiff only alleged facts relating to her supervisor's actions that were unrelated to the plaintiff's FMLA leave. (<u>Id.</u>) Specifically, the plaintiff alleged that her supervisor improperly disciplined and inconvenienced the plaintiff by "removing a fan from her office or [by] not providing customer[s with] gifts." (<u>Id.</u>) Distinguishably, in this case, Plaintiff has alleged direct involvement and supervisory control by Defendant Hennike as it relates to Plaintiff's FMLA leave and termination. As such, the Court finds that Plaintiff may assert her FMLA claims against Defendant Hennike in her individual capacity.

As to Defendants Cahill, Shipman, and Timmons, however, the Court finds that Plaintiff's allegations are insufficient to impose individual liability against them for FMLA violations. First, as to Defendant Cahill, Plaintiff merely alleges that Defendant Cahill "ignored information provided to her by [P]laintiff to address requests for modifications in employment" and "directly participated in violation of FMLA at Five County." (<u>Id.</u> at 5.) Although Plaintiff alleges involvement by Defendant Cahill in violating Plaintiff's FMLA rights, Plaintiff has not alleged facts showing that Defendant Cahill had the supervisory authority to grant Plaintiff

FMLA leave. Indeed, although not clear, based on the allegations in Plaintiff's Amended Complaint, it appears that Defendant Cahill had to first obtain permission from Defendant Hennike to approve or deny Plaintiff's request for any FMLA leave in this case. Cf. Haysbarser v. Lawrence Cnty. Adult Probation & Parole, 667 F.3d 408, 417 (3d Cir. 2012) ("When analyzing a supervisor's control, the Court looks to the economic reality of the employment situation and examines whether the individual supervisor carried out the function of an employer with respect to the employee."). As such Plaintiff has failed to allege facts that would warrant imposition of individual liability against Defendant Cahill.

Second, as to Defendants Shipman and Timmons, Plaintiff has asserted that they provided inadequate supervision to Defendant Hennike, one of their subordinates. (Id. at 3.) Plaintiff alleges that Defendants Shipman and Timmons were corporate officers that "represent[ed] Cardinal Innovations" and that Defendants Shipman and Timmons were charged with supervision of Human Resources which "undoubtedly influenced" the decisions of Defendants Hennike and Cahill. Although Plaintiff has alleged that Defendants Shipman and Timmons had supervisory authority over Human Resources and, as an extension, the decisions of Defendants Hennike and Cahill, Plaintiff has failed to allege any direct involvement in the alleged FMLA violation by Defendants Shipman and Timmons. See Benton, 2012 WL 5381209, at *3; see also Crittendon v. Arai Americas, Inc., No. 2:13-CV-567, 2014 WL 354517, at *4 ("An individual who exercises *supervisory authority over the complaining employee* and was *responsible in whole or in part for the alleged violation* while acting in the employer's interest is subject to individual liability under the FMLA." (emphasis added) (citation omitted)). Thus, Plaintiff has also failed

to assert facts to show that Defendants Shipman and Timmons should be individually liable for Plaintiff's FMLA claims. As the Court has found that Plaintiff has alleged sufficient facts to show that Defendant Hennike could be individually liable under the FMLA, however, the Court will now address whether Plaintiff has sufficiently stated claims under the FMLA against Defendant Hennike.

b.    FMLA Retaliation Claim

Defendants asserts that, to the extent Plaintiff raises a FMLA retaliation claim, Plaintiff's Complaint fails to state such a claim. Pursuant to 29 U.S.C. § 2615(1)(2), "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." To state a prima facie case of a FMLA retaliation claim, Plaintiff must allege (1) that she "engaged in protected activity"; (2) that Defendant "took adverse action against h[er]"; and (3) that the "adverse action was causally connected to . . . [P]laintiff's protected activity." Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 551 (4th Cir. 2006) (internal quotation marks omitted) (quoting Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998)). In this case, it does not appear from Plaintiff's Response that she has addressed Defendants' contention that she was terminated in retaliation for taking FMLA leave. As such, the Court finds that Plaintiff has abandoned this claim and will grant Defendants' Motion to Dismiss as to any FMLA retaliation claim.[10] See, supra note 5, at 9.

---

[10]Furthermore, Plaintiffs' Amended Complaint does not contain any allegations that Plaintiff was discharged on the basis of her taking leave pursuant to the FMLA and Plaintiff presented no argument at her hearing that she was in fact discharged for taking leave pursuant to the FMLA.

c.      FMLA Interference Claim

Defendants assert that Plaintiff has also failed to state a FMLA interference claim. Under 29 U.S.C. § 2615(a)(1), "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA. To prevail on a FMLA interference claim, Plaintiff must establish that (1) she was "eligible for the FMLA's protections"; (2) her "employer was covered by the FMLA"; (3) she "was entitled to leave under the FMLA"; (4) she "provided sufficient notice of [her] intent to take leave"; and (5) her "employer denied [her] FMLA benefits to which [she] was entitled." Burnett v. LFW Inc., 472 F.3d 471, 474 (7th Cir. 2006); see Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011); Hoge v. Honda Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004); Rodriguez v. Smithfield Packing Co., 545 F. Supp. 2d 508, 516 (D. Md. 2008) (citing Edgar v. JAC Prods., Inc., 443 F.3d 501, 507 (6th Cir. 2006)).

The parties' arguments are directed toward the fifth element. In this case, Plaintiff has failed to allege facts that would plausibly show that she was denied FMLA leave or FMLA benefits. Plaintiff alleges that she was terminated on August 15, 2012, based upon the first letter sent to Plaintiff after her FMLA leave had expired in November 2012. Plaintiff asserts that she was improperly terminated on August 15, 2012, because such date is prior to the expiration of her approved FMLA leave. Defendants, however, sent a second letter to Plaintiff, correcting her termination date to a date outside of her approved 12-week FMLA period. Plaintiff does not contest receipt of the corrected letter. Instead, Plaintiff alleges that her employer sent her the second termination letter, which had a later termination date, "to ensure they were within

22

the FMLA law and to escape having to pay . . . [P]laintiff['s] unemployment benefits." (Am. Compl. [Doc. #5], at 5.) This statement, however, is not sufficient to assert that she was actually denied her FMLA benefits. Plaintiff did not attempt to resume her employment during the time frame of her FMLA leave and Defendants did not send Plaintiff the letter indicating any termination date until after her FMLA leave had expired. In light of this, Plaintiff has failed to allege facts to show that she was denied any FMLA leave or benefits during the 12-week period that she was on FMLA leave or during the period she was entitled to leave under the FMLA. Accordingly, although Plaintiff stated sufficient facts at this stage to impute individual liability upon Defendant Hennike as to Plaintiff's FMLA claim, Plaintiff nonetheless, failed to state sufficient facts in support of a plausible FMLA claim against Defendant Hennike.

III.     CONCLUSION

For the foregoing reasons, the Court will GRANT Defendants' Motion to Dismiss [Doc. #11]. A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. #11] is hereby GRANTED.

This the 30th day of September, 2014.

_____
United States District Judge

23